## McMillan et al., v. Schweitzer, *Appellant.*

1. **Personal Property** : SALE : WEIGHING, ETC. Where personal property is actually sold and delivered, the matter of measuring, weighing, or counting will not be regarded as part of the contract of sale, but will be considered as referred to adjustment on the final settlement of the account.

2. **Evidence.** It is better for the witnesses, where the possession of personal property is controverted, to state the facts bearing on such question, but where they state simply that one party was in possession, and no effort is made by the other party, by cross-examination or otherwise, to have the particular facts relating to such possession detailed, the judgment will not be reversed because of the admission of the evidence in the objectionable form.

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

Affirmed.

*C. W. Thrasher* for appellant.

(1) The court below erred in admitting in evidence the portions of the depositions of the witnesses in which it is stated they took possession of the logs. A witness can only state facts—not give an opinion. *Laytham v. Agnew*, 70 Mo. 48 ; *Rosenheim v. Ins. Co.*, 33

Mo. 230. (2) When Pettingill failed to pay for the lumber, under the contract in evidence, appellant was at liberty to refuse to further perform the contract by furnishing more logs to be sawed into lumber and sent to Pettingill from the mill. *Denny v. Kile*, 16 Mo. 450 ; *Turner v. Mellier*, 59 Mo. 526.

*H. E. Howell* for respondents.

(1) The court correctly gave the first declaration of law asked by respondents as to the sale and delivery. *Ober v. Carson*, 62 Mo. 209 ; *Erwin v. Arthur*, 61 Mo. 386 ; Benj. on Sales [2 Am. Ed.] sec. 334, note *t*. Though neither actual delivery nor payment of all the purchase money was necessary for plaintiff to recover, as the contract is not a mere executory agreement. Benjamin on Sales [2 Am. Ed.] sec. 308 ; *Rickey v. Zeppenfeldt*, 64 Mo. 277 ; *Woodburn v. Cogdal*, 39 Mo. 222. (2) The court below sitting as a jury, under the declarations of law given, found that defendant sold and delivered the logs out of which the lumber in question was made, and there is an abundance of evidence to support that finding, and this court will not disturb it. *Crane v. Timberlake*, 81 Mo. 431. (3) Delivery being a question of fact as well as of law in this case the depositions of McMillan, Pettingill, Hartnett and others, as to taking possession of the logs, are competent. Wells on Questions of Law and Fact, sec. 184 ; *Glass v. Gelvin*, 80 Mo. 297. (4) This was a suit for lumber sawed out of logs which defendant *had furnished*.

BLACK, J.—This is an action of replevin ; the contest is over a quantity of black walnut lumber. The evidence shows that in September, 1881, the defendant sold to one Pettingill three lots of logs, from which this and other lumber was made. Pettingill assigned the contract to plaintiffs, doing business at St. Louis, and

they made the advance payment of $500. The logs were some eight miles from Springfield, and, by the contract, they were to be sawed and the lumber hauled at the cost of plaintiffs. Plaintiffs made Pettingill their agent, to have the logs sawed and the lumber hauled. The logs were turned over to the sawyer. He sawed the greater portion of the logs and shipped the lumber to plaintiffs, who paid the drafts of defendant to an amount, they claim, in excess of the lumber shipped. Pettingill was behind with the sawyer for sawing and hauling when the latter sold his claim to the lumber in question to defendant. Plaintiffs tendered to defendant and there was allowed to him the amount due for sawing and hauling the lumber in dispute. Defendant denies that he had any knowledge of the assignment of the contract to plaintiffs.

Under the declarations of law, the court found and there was abundant evidence to support the finding, that defendant sold and delivered the logs from which the lumber in question was made to Pettingill, and that he sold and delivered the same to the plaintiffs. Upon this state of facts the title passed to the plaintiffs. It can make no difference that the amount beyond the advance payment was to be determined by scaling the logs or measuring the lumber. They were to be paid for at thirteen dollars per thousand feet, board measure. Where the property is actually sold and delivered, the matter of measuring, weighing or counting will not be regarded a part of the contract of sale, but will be considered as referred to adjustment on final settlement of the account. *Ober et al. v. Carson's Ex'r*, 62 Mo. 213; Benjamin on Sales (American Notes by Corbin), section 418.

Defendant does not deny making the contract before noted, nor does he deny making drafts on the plaintiffs, but he says he did not know of the assignment and that he made the drafts at the request of Pettingill. He read

in evidence a subsequent contract with Pettingill, which provides for measuring the logs ; also, that after four hundred dollars worth of lumber is received a check is to be given by Pettingill for two hundred and fifty dollars, on receipt of every fiteen thousand feet of lumber thereafter sent from the mill, the defendant agreeing to have the logs yarded and ready for sawing. Plaintiffs say Pettingill had no right to make this contract, but, be that as it may, it is based upon the assumption of a previous contract, and it cannot have the effect to transfer back to the defendant property which he had sold and delivered to Pettingill and the latter had sold to plaintiffs. It does not undertake to do that.

A vast number of objections were taken to the depositions of McMillan, Pettingill and Hartnett, but they do not point out the specific questions or answers to which the objections are made. Many of the objections are clearly without merit. Pettingill and Hartnett were certainly in a position to know what was said and done with respect to the possession of the logs. How McMillan knew Pettingill got possession of the logs does not appear, nor does it affirmatively appear that he had no such knowledge. These witnesses state in general terms without giving the details that defendant put Pettingill in possession of the logs. It is better for the witnesses, where the possession is controverted, to state the facts, but no effort was made here, by cross-examination or othwise, to have this done. The judgment will not be reversed because of the admission of such evidence, where no effort is made by the opposing party to have the particular facts detailed.

The judgment is affirmed with the concurrence of all the judges.