THE STATE v. KENNETT POLSON, Appellant. — 295 S. W. 743.

Division Two, June 3, 1927.

**1. INTOXICATING LIQUOR: Manufacture: Sufficient Evidence: Alibi.** Testimony by a witness that in the forenoon he saw a still in operation and defendant tending it and doing something with barrels near by, and his team hitched to a wagon and tied to a tree near the still; and further testimony that in the afternoon the sheriff, accompanied by his deputy and said witness, went to the still and found it set up and warm, and found there a half-gallon of corn whiskey and eleven barrels of mash, and that, defendant not being present, they followed wagon tracks from the tree where the team had been hitched to defendant's barn yard, and found straw scattered along the wagon tracks from defendant's straw stack to the still, which was there used to cover the mash barrels, is sufficient evidence to support an information charging defendant with the felony of manufacturing moonshine or corn whiskey, although the testimony of numerous witnesses tending to establish defendant's alibi, if believed, would justify the jury in acquitting him.

**2. INFORMATION: Election at Previous Trial.** An election by the State at the former trial to try defendant upon the second count of the information leaves only the second count before the jury at a subsequent trial, and the question whether the original information charged two separate and distinct offenses in two separate counts is no longer in the case.

**3. ASSIGNMENTS: General.** General assignments in the motion for a new trial, relating to alleged improper admission and exclusion of evidence and to instructions by number, cannot be considered on appeal from a judgment of conviction for an offense committed after new Section 4079, Laws 1925, page 198, went into effect.

**4. EVIDENCE: Age of Children: Exclusion: Proffer of Proof.** The refusal of the trial court to permit defendant, charged with the manufacture of moonshine, to show the number and ages of his children, even if ever competent, cannot be error where he cannot possibly be prejudiced thereby; and where his wife, by whom he seeks to make the proof, has already testified that she and defendant had several small children of school age and a baby who was taken to school on the very day on which the still was raided, defendant cannot possibly be prejudiced by a refusal to receive such proffered testimony. Besides, in this case, defendant merely excepted to the ruling of the court sustaining the objection to his question, and made no offer of proof, and therefore the assignment is without substantial merit.

**5. INSTRUCTION: To Ascertain Truth from Testimony.** An instruction telling the jury to ascertain "what are the true facts herein," that is, that it is their province to ascertain what witnesses told the truth, does not assume the truth of any facts. The court does not err in thus suggesting by the instructions that some witnesses on one side or the other might have told the truth.

**6. ———: Agreement upon Guilt: Punishment by Court: Rebuke and Pressure.** The jury having reported to the court that they had agreed upon the guilt of defendant, but were unable to agree upon the punishment, an instruction thereupon that if they find defendant guilty, but are unable to agree upon the punishment, they may agree upon a verdict so stating and return such verdict, and formulating the form of such a verdict, is not error. It cannot be regarded as a rebuke to the jury, or as putting pressure upon them to return a particular verdict. And even if giving it were erroneous, the error is cured by a verdict later returned by which the punishment is assessed.

**7. ———: ———: ———: Assessment by Court.** The jury having reported that they had agreed upon defendant's guilt, but were unable to agree upon the punishment, and the court having given an instruction telling them that they could return a verdict to that effect, the defendant is not entitled to a further instruction telling them if any juror or jurors believe that the court may assess a greater punishment such juror or jurors should not agree to a verdict finding defendant guilty. It is no right of the jury to know what punishment the court may assess upon such a verdict.

**8. ———: Refusal.** It is not error to refuse an instruction where there is no evidence on which to base it. And when instructions are given which fully and correctly cover all issues in the case it is not error to refuse others asked by defendant covering the same subjects.

**9. VERDICT: Failure to Refer to Charge.** A verdict which finds defendant guilty, but does not refer to the charge in the information, is not erroneous, where no lower grade of the offense is charged and the evidence tends to show guilt of that charge or none.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2336, p. 954, n. 56; Section 2457, p. 1026, n. 7; Section 2506, p. 1063, n. 85; Section 2563, p. 1092, n. 95; Section 2582, p. 1100, n. 42; 17 C. J., Section 3350, p. 89, n. 65; Section 3351, p. 91, n. 76; Section 3679, p. 333, n. 95; Section 3705, p. 348, n. 85. Indictments and Informations, 31 C. J., Section 363, p. 792, n. 44. Intoxicating Liquors, 33 C. J., Section 502, p. 758, n. 80; Section 547, p. 791, n. 49; Section 552, p. 795, n. 18.

Appeal from Carroll Circuit Court.—*Hon. Ralph Hughes,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *David P. James,* Assistant Attorney-General, for respondent.

(1) The information properly charges the manufacturing of intoxicating liquor. Sec. 21, Laws 1923, p. 242; State v. Gatlin, 267 S. W. 797; State v. Cockrum, 278 S. W. 700; State v. Alexander, 278 S. W. 709; State v. Wright, 280 S. W. 703; State v. Brown, 304 Mo. 78. (2) Appellant's objections to the admittance and rejection of testimony and to the overruling of the demurrer of defendant are too

general and too vague to merit consideration. Sec. 4079, R. S. 1919; Laws 1925, p. 148; State v. Jackson, 283 Mo. 24; State v. McBrien, 265 Mo. 604; State v. Whitman, 248 S. W. 938. (3) Instruction 12 was entirely proper and in no way invaded the province of the jury. The court permitted appellant's counsel to address the jury in explanation of his objection to this instruction. This discussion by the learned counsel for appellant, as set out in the record, was a sufficient antidote to the alleged poison contained in this instruction. (4) Assignment 9 is a blanket objection to instructions numbered 1, 2, 3, 4, 5 and 12 on the part of the State, and is too general for consideration. Sec. 4079, Laws 1925, p. 198; State v. Standifer, 289 S. W. 857. (5) Assignment 10 is also without merit. The instructions given by the court properly cover all the phases of this case. The court's instruction on the defense of an alibi was complete. State v. Starling, 207 S. W. 767.

BLAIR, J.—After one mistrial, appellant was convicted upon the second count of an information charging the felony of manufacturing moonshine or corn whiskey, as defined by Section 21, Laws 1923, page 242. The jury assessed his punishment at imprisonment in the county jail for four months and a fine of $500. He was thereafter granted an appeal from the judgment entered upon the verdict.

A very brief statement of facts will suffice. The scene of the alleged crime was the vicinity of Miami Station in Carroll County. The time was October 2, 1925. One William Lawson testified that he was "deputized" by the sheriff to go to a ravine about a mile from Miami Station, where it was suspected a still was being operated. Going a roundabout way, Lawson stealthily approached the designated spot and, from a concealed vantage point about thirty yards away and at the hour of about ten or eleven in the forenoon, saw a still in operation, with appellant tending it and doing something with some barrels near by. Appellant's team and wagon were tied to a tree close to the still. Lawson had known appellant since childhood and positively identified him.

Lawson slipped quietly away and immediately notified the sheriff, who, with his deputy and accompanied by Lawson, went to the still the same afternoon and found it set up and yet warm, although appellant was not then present. The fire had been removed. A half-gallon jar of corn whiskey and eleven barrels of mash were found. Wagon tracks from the spot where Lawson claimed to have seen appellant's team hitched were followed to appellant's barn lot. There was evidence that straw had been taken from a straw stack there. Straw was scattered along the wagon tracks. This straw had been used to cover the mash barrels.

Appellant was arrested several days later. He did not take the stand in his own behalf. His wife and other witnesses gave testimony tending to show that appellant was away from his farm all day on October 22nd. If their testimony was true, appellant was not at the still at the time Lawson said he was there. A negro named Joe Smith testified that, during the whole day of October 22nd, he used the only team which appellant owned. He was working the team on his place that day two and a half miles from where appellant lived. On the other hand, a witness for the State testified in rebuttal that he saw appellant's team near appellant's place on the afternoon of October 22nd.

Appellant has not favored us with a brief. One of the assignments in his motion for new trial is that the evidence was insufficient to sustain the verdict. The facts which we have stated demonstrate that this assignment is without merit. According to the State's evidence, Lawson saw appellant firing the still. The sheriff found it deserted, but still warm. The appellant's team was tied to a tree at the still and the wagon tracks were traced to his barn lot. The testimony tended to show that the liquor found there, and evidently the product of the still, was corn whiskey. The jury might have accepted appellant's alibi and acquitted him. It evidently did not believe his witnesses. Appellant is concluded by the verdict of the jury upon the facts.

**Sufficient Evidence.**

The second count of the information properly charges an offense under Section 21, Laws 1923, page 242. [State v. Gatlin, 267 S. W. 797.] The complaint that the information charged two separate and distinct felonies was not open to appellant at the last trial. An election by the State to try upon the second count was made at the close of the testimony on the first trial. Therefore, at the second trial, only the second count of the information was before the jury.

**Election.**

The second, third and ninth assignments in the motion for new trial, relating to alleged improper admission and exclusion of evidence and to the giving of instructions one to five, inclusive, are too general to comply with Section 4079, Laws 1925, page 198. [State v. Standifer, 289 S. W. 856.] They are not properly before this court for consideration.

**Assignments.**

Assignment one in the motion for a new trial is more definite. It complains of the refusal of the trial court to permit appellant to show the number and ages of his children. Even if appellant had the right to make this proof, which it is unnecessary to consider, he could not possibly have been prejudiced by the particular ruling complained of. His wife, by whom he sought to make the proof, had already testified that she and appellant had

**Excluded Evidence.**

several small children of school age and a baby who was taken to school by the other children on the very day that the still was raided. In addition to this, appellant merely excepted to the ruling of the court sustaining the objection to his question and made no offer of proof. The assignment is without substantial merit.

Assignment six, that Instruction 1 "assumes that there are true facts in the evidence," is without merit, as appears by the instruction itself. The instruction clearly and properly left it to the jury to ascertain "what are the true facts herein," that is to say, the court told the jury that it was its province to ascertain what witnesses told the truth. Surely the court did not err in suggesting that some of the witnesses on one side or the other might have told the truth. The criticism is too trivial to deserve even as much notice as we have given it.

The giving of Instruction 12 is specifically assigned as error, on the ground that it constituted a rebuke to the jury for not reaching a verdict. The record shows that the jury came into court and informed the court that it had agreed upon the guilt of **Punishment.** defendant, but was unable to agree upon the punishment, and asked for further instructions. Thereupon, the court gave Instruction 12, which reads as follows:

"You are instructed that if you find defendant guilty as charged in the second count of the information, but are unable to agree upon the punishment, you may return a verdict so stating, and if you return such verdict, it may be in the following form: ·

" 'We, the jury, find the defendant guilty as charged in the second count of the information, and we further state that we are unable to agree upon the punishment to be assessed against the defendant.' "

Appellant then presented the following instruction and asked that it be given, to-wit:

"You are further instructed that if all the jurors agree that the defendant is guilty as charged, but cannot agree upon the punishment to be assessed, then any juror or jurors who may believe that the court might assume a greater punishment against the defendant then such juror or jurors should not agree to a verdict finding defendant guilty."

This was marked Instruction F and was refused by the court. Counsel then stated what he wanted to say to the jury; which was along the general lines of refused Instruction F. It is not entirely clear that counsel's remarks were in the hearing of the jury, but apparently they were. The verdict of the jury, returned shortly thereafter, did in fact assess the punishment and that duty therefore was not left to the court after all.

Even if the action of the court in giving Instruction 12 had been erroneous, the assessment of the punishment by the jury cured the error. However, the court did not err in giving Instruction 12 under the circumstances. [See State v. Hubbs, 294 Mo. 224, l. c. 231; State v. Levan, 306 Mo. 507, l. c. 516.] The giving of said instruction cannot be regarded as a rebuke to the jury or as putting pressure on the jury to return any particular verdict.

Appellant was not entitled to Instruction F. Under Section 4048, Laws 1925, page 197, all the jury is entitled to know, if it is proper to advise the jury upon the subject at all, is that, if it can agree upon guilt, but not upon punishment, it may return a verdict to that effect. It is no business of the jury what punishment the court may assess upon such verdict.

Specific assignments of error are made respecting the refusal of appellant's requested Instructions A, B, C, D and E. Instruction

**Refused Instructions.** A was a demurrer to the evidence, which we have already held to have been properly overruled. Instruction B and C dealt with the subject of alibi. They were sufficiently covered by Instruction 5 given by the court.

Refused Instruction D was as follows: "You are further instructed that although you may believe from the evidence that the defendant was present at the time and place when and where the alleged offense is charged to have been committed, and that he had knowledge of and knew that said offense was being committed (if it was committed), yet you must find the defendant not guilty if you believe from the evidence that he did not commit the offense." The instruction was properly refused because there was no evidence upon which to base it. According to witness Lawson, appellant was operating the still. There was no other testimony tending to show his presence at or knowledge of the existence of the still.

Refused Instruction E was sufficiently covered by given Instruction 4 and was therefore properly refused.

Assignment twelve in the motion for new trial assails the verdict. It merely found defendant "guilty" and did not refer to the charge in the information. However, it was sufficient in this case because there are no lower grades of the offense charged and the evidence

**Verdict.** tended to show guilt of that offense or none. The criticism that the verdict was improperly signed, or signed too much, is utterly frivolous. It was signed "John Veach, Foreman." Merely quoting the form of the signature serves as a complete answer to the contention.

We find no error in the record and the judgment is affirmed. All concur.