THE STATE v. HENRY J. MILLER, Appellant.—57 S. W. (2d) 1080.

Division Two, March 3, 1933.

Calvin, Vandeventer & Kimbrell for appellant.

308

*Stratton Shartel*, Attorney-General, and *Denton Dunn*, Assistant Attorney-General, for respondent; *Ray Mabee* of counsel.

TIPTON, J.—The grand jury returned an indictment in the Circuit Court of Jackson County, Missouri, charging the appellant under Section 4079, Revised Statutes 1929, with embezzlement, as the agent of William Stoll, of the sum of $4916.25. He was convicted and sentenced to two years' confinement in the penitentiary. He has duly appealed to this court.

The complaining witness, William Stoll, lived in Drumwright, Oklahoma, and had been doing business with this appellant since the year 1916. At that time the appellant was engaged in the mortgage loan business in Kansas City, Missouri, in partnership with William P. Sayre, which partnership was dissolved in 1927. Stoll continued to do business with appellant after the dissolution of this firm. Stoll had some notes which he placed in appellant's hands for collection. The receipts were given for these notes in the handwriting of the appellant, among which was a note known as the Donaldson note for the sum of $4750, due September 1, 1928. Stoll testified that he later learned that the note and interest had been collected, but he received no portion of the proceeds of the note. In September, 1930, he employed Jerome M. Joffee, an attorney-at-law in Kansas City, to help him collect this note. There was a conference held in which Joffee, Stoll and his wife, and the appellant and his wife were present. At this time the appellant stated that he did not have the Donaldson note, that he had collected it when due, that he had invested the proceeds in numerous enterprises, and that he intended to pay it back. The Donaldson note was secured by a loan on property in Kansas City. Frank F. Catron representing the owner of the property came to see the appellant in September, 1928, and asked that the loan be renewed. The appellant refused to renew the note and Catron then brought the appellant a cashier's check in the sum of $4916.25, at which time the appellant indorsed the Donaldson note and delivered same to Catron, so that the mortgage might be released. The cashier's check was drawn on the Liberty National Bank payable to the order of Frank Catron. This check was introduced in evidence showing the indorsements of Frank Catron and the appellant. Herbert A. Sacks, an employee of the bank, testified that the check had been paid.

Such further facts as it might be necessary to state will be given in connection with the points on which they bear.

The questions presented for decision relate to (1) the admissibility of the testimony; (2) the sufficienty of the evidence to sustain the conviction.

I. It is the appellant's contention that the crucial question in this case is whether the ownership of the Donaldson note was in Stoll or the appellant. Therefore, the trial court erred in overruling this objection to the following question, which was answered

in the affirmative, because it called for a conclusion and not a statement of fact.

"Q. (By Mr. Alton) Mr. Stoll, I will ask you after you look at State's Exhibit No. 1 if that is a list of notes that were belonging to you?"

This is a statement of fact as distinguished from a conclusion of law.

"Thus it is stated in 17 Cyc. 223, that where the conclusion offered, although to a certain extent resting on the application of legal principles, is in the main a mere statement of fact, the witness will be allowed to state it." [Strothers v. McFarland (Mo. App.), 194 S. W. 881, 1. c. 883.]

If the appellant had desired, he could have cross-examined this witness relative to the ownership of this note. He did not see fit to do so. We believe the court properly overruled the appellant's objection to the question above quoted. [1 Wharton's Crim. Ev. (10 Ed.) 954, sec. 455; 4 Wigmore on Evidence (3 Ed.) 179, sec. 1960; Strothers v. McFarland, supra, McMillan v. Schweitzer, 87 Mo. 402.]

This assignment of error is overruled.

■ II. The appellant contends that the court erred in refusing to give his instruction in the nature of a demurrer offered at the conclusion of all the evidence, because there is no showing that the title to the Donaldson note was not in the appellant and the cashier's check given in payment of the note and the proceeds thereof were not property "belonging to another person." That is, a person other than this appellant. The payee in the Donaldson note was the appellant and the evidence shows that he did not indorse this note until Catron gave him the cashier's check in payment of it.

Viewed in the light most favorable to the State, as the demurrer admits, the evidence taken as a whole and the reasonable inference therefrom clearly shows that the note belonged to Stoll and not this appellant when he placed it in the appellant's hands to collect on September 1, 1928.

Stoll and his wife testified that he had the note prior to September 1, 1928, and Stoll had put it up with the appellant to collect, and was given in the handwriting of the appellant a receipt, which is as follows: "Donaldson, $4750.00 at seven per cent interest. Received of William Stoll the above papers to be held for collection and payment in full of note." Signed, "Henry J. Miller."

The note in question was dated September 18, 1925, and was in Stoll's possession prior to the date it was due. There was evidence to the effect that the appellant admitted to Stoll, his wife, and his attorney that he had collected the note; he had invested the proceeds in numerous enterprises; and that he intended to pay it back. There was also in evidence a letter dated September 4, 1928, signed by the

appellant, in which he stated that the $4750 was now in process of a new loan and he expected to close in a few days.

██ ██ The mere fact that the note was not indorsed by the appellant does not establish the fact that Stoll was not the owner of it. Even under our Negotiable Instruments Law the title to a note may pass to the transferee without indorsement. [Sec. 2677, R. S. 1929.] The evidence clearly establishes that Stoll had possession of the note and that he gave it to the appellant for collection. Such possession raises the presumption that the title to it was in Stoll and not the appellant.

In the case of Lipscomb v. Talbott, 243 Mo. 1, l. c. 35, 147 S. W. 798, we said:

"In the second place, the possession of the note by Lipscomb was sufficient to raise a presumption of a proper transfer by some one possessed of title to the note. [Fitzgerald v. Barker, 85 Mo. 20-21.]"

To the same effect are the cases of Carter v. Butler, 264 Mo. 306, 174 S. W. 399; Cantrell v. Davidson, 180 Mo. App. 410, 168 S. W. 271; Dawson v. Wombles, 123 Mo. App. 340, 100 S. W. 574; Prather v. Hairgrove, 214 Mo. 142, 112 S. W. 552, and cases cited therein.

The appellant did not attempt to overcome the presumption that the note was the property of Stoll at the time he delivered it to the appellant for collection, either by cross-examination or by producing testimony to that effect. The undisputed evidence shows that Stoll had possession of the note, which fact is sufficient to raise a presumption that the title to it was in Stoll. Moreover, Stoll testified that the note belonged to him. We believe that the evidence conclusively shows that the appellant was not the owner of the note when it was paid.

██ There is no variance between the pleading and the proof. The appellant received the note to collect and it was his duty to receive lawful money in payment of it. If he took a cashier's check, he did it at his peril. [National Bank of Commerce v. American Exchange Bank, 151 Mo. 320, 62 S. W. 265.] Having taken a cashier's check, appellant had a right to cash the same and committed no crime in doing so. "The conversion occurred when he obtained the money, diverted it from its proper channel, and applied it to his own use. Therefore, he embezzled the money and not the check." [State v. Ross, 312 Mo. 510, 279 S. W. 411, l. c. 415.] The case of State v. Fischer, 297 Mo. 164, 249 S. W. 46, l. c. 48, 49, cited by the appellant is not in point, because in that case the defendant had no authority to collect the check. There the crime was committed when he collected the check and not the proceeds of the check. We, therefore, hold the evidence was sufficient to make a case for the jury and this assignment of error is overruled.

The indictment, the verdict, and judgment are sufficient. We find no prejudicial error in the record. The judgment of the circuit court is affirmed. *Ellison, P. J.,* concurs; *Leedy, J.,* not sitting.