STATE v. THOMAS FLORIAN, Apellant.—Nos. 40090 and 40091.—200 S. W. (2d) 64

Division One, February 10, 1947.

Rehearing Denied, March 10, 1947.

*Morris A. Shenker* for appellant; *Ivan H. Light* of counsel.

1172

*J. E. Taylor*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

CLARK, J.—In separate trials, appellant was convicted of embezzling money as the agent of John Sheehy, $3,000.00 in one case and $5,000.00 in the other, and sentenced to a three year term in the penitentiary in each case. Appellant has treated both appeals in one brief and we will treat them both in one opinion.

At the time of the trials Sheehy was 86 years old and for some time had lived in a home at 3655 Washington Street, St. Louis, which was rented from a real estate company by Mrs. Ida Cook. In January, 1944, Sheehy began to negotiate with the real estate company in an effort to purchase the property. He made them a deposit of $500.00 and they wrote him a letter agreeing to sell. Later, for some unexplained reason, the company refused to complete the deal and induced Sheehy to relinquish the letter. At first he refused to accept the return of his deposit, but later the company mailed him a check for it.

At the Washington Street house Sheehy had become acquainted with Mrs. Dorothy Sharp, a waitress at the Jefferson Hotel. She knew appellant, who had desk room in an office in a nearby building and sometimes ate at the hotel. About March 1, Mrs. Sharp induced Sheehy to go with her to appellant's office where they told appellant about the transactions with the real estate company. Appellant told them he was a lawyer and could get the property for Sheehy, and the latter agreed to pay appellant $500.00 if he could get it for $8,500.00. Mrs. Sharp and Sheehy had many conferences with appellant. On March 14, appellant induced Sheehy to give him a cashier's check for $5,000.00 to apply on the purchase. Appellant cashed this check on March 17. Early in April appellant told Sheehy he would have to have more cash and obtained from him another cashier's check for $3,000.00 which he cashed on April 17. Each time he received a check appellant gave Sheehy a note for the amount. Sheehy testified that he thought these were receipts. Some time in April appellant told Sheehy that the property would cost $9,500.00 and got Sheehy to give him a note for $1,500.00. Still later appellant got from Sheehy another note for $2,000.00 and kept both notes. Appellant, from time to time, offered various excuses why the deed could not be procured. At one time he told Sheehy the money had been placed in escrow and obtained from Sheehy a release which he said was necessary to get the money down. Both Mrs. Sharp and Sheehy became convinced that appellant could not and would not obtain a deed and they began to demand the return of the money. They made many demands and received many excuses, but no money. In September appellant told them he was penniless, would not return the money and told Mrs. Sharp that she was only a waitress and her testimony would be of no force.

The indictment in each case was in three counts, the first count charging embezzlement of money, the second embezzlement of a cashier's check and the third charged the obtaining of money under false pretenses. The indictments are based upon Section 4471, Revised Statutes Missouri 1939, [Mo. R.S.A.] dealing with embezzlement by clerk, agent, etc., and substantially follow the language of the statute.

 Appellant contends that the indictments are insufficient for failing to allege how and when appellant became the agent and servant of Sheehy, the purpose of the agency and the authority for the appointment. Also appellant says there is a misjoinder of counts, to wit, count one for embezzlement and count three for obtaining money under false pretenses.

On the first part of this contention, appellant cites some civil cases and the following criminal cases: State v. Flint, 62 Mo. 393; State v. Mitnick, 339 Mo. 127, 96 S. W. (2d) 43; State v. Meysenburg, 171

Mo. 1. c. 47-50, 71 S. W. 1. c. 233; State v. Holder, 335 Mo. 175, 72 S. W. (2d) 489, and State v. Ross, 312 Mo. 510, 279 S. W. 1. c. 413. None of these cases deal with an indictment or information under the statute now being considered. State v. Flint involved a charge of embezzlement of public funds by an agent of the State, and it was held that the charge should state how and when he was appointed and the authority for his appointment. In State v. Mitnick an information was held insufficient in attempting to charge defendant with selling securities without being registered as a dealer. The opinion says, and cites cases to the effect, that an indictment or information which follows the language of a statute is sufficient unless the statute fails to "so far individuate the offense that the offender has proper notice, from the mere adoption of statutory terms, what the offense he is to be tried for really is." In State v. Meysenburg an indictment for accepting a bribe was held bad for failing to state the name of the person or corporation giving the bribe. The opinion says that an indictment, although following the language of a statute, is insufficient if the statute merely defines the offense in generic terms. In State v. Holder an information was held bad for failing to disclose under what statute a special road district was organized. The matter alleged would have constituted an offense if the district was organized under one statute, but not under another statute. In State v. Ross an indictment in the language of the statute for embezzlement by a public officer was sustained. The indictments in the instant cases follow the language of Section 4471, supra. The terms of the statute are neither technical nor mysterious and do not require further specifications to apprise an accused of the crime with which he stands charged. [State v. Meyers, 68 Mo. 266; State v. Dodson, 72 Mo. 283; State v. Moreaux, 254 Mo. 398, 162 S. W. 158; State v. Adams, 318 Mo. 712, 300 S. W. 738; State v. Woodward (Mo.) 130 S. W. (2d) 474.]

 In each of the instant cases the first count was for embezzlement by an agent. In case No. 40090 the State abandoned the second and third counts and went to the jury on the first count alone. In case No. 40091 the second count was abandoned during the trial, appellant was convicted under count one and acquitted under count three. If there was a misjoinder of counts in the indictments, appellant was not prejudiced thereby under the facts of these cases.

 Appellant contends that his demurrer to the evidence should have been sustained because the proof showed the embezzlement, if any, was of a check and not of money; and, he further says, if the demurrers should not have been sustained the question of whether the embezzlement was of a check or money should have been submitted to the jury as per appellant's refused instruction "N." Further, appellant claims a variance in that the proof shows larceny or conversion by a bailee and not embezzlement by an agent; or that the

relationhip of debtor and creditor was created between appellant and Sheehy. Appellant cites many cases which we have read, but deem it unnecessary to review in detail. Many of them are not in point; others are against appellant's contention. Appellant's argument is based upon the premise that he converted the checks, not the money, because he had no right to cash the checks unless they constituted a loan. The premise is false. The evidence shows that he procured the checks from Sheehy for the purpose of using the proceeds to buy the property for Sheehy. This constituted him an agent with authority to cash the checks and use the proceeds for the purpose specified. Therefore, the proof shows embezzlement of money, not checks. [State v. Ross, 312 Mo. 510, 279 S. W. 411; State v. Miller, 332 Mo. 307, 57 S. W. (2d) 1080; State v. Watkins, 337 Mo. 901, 87 S. W. (2d) 184; State v. McCawley (Mo.), 180 S. W. 869.] There is no merit in appellant's contention that the relation of debtor and creditor was created. The proof is that appellant got the checks to use the proceeds not for his own benefit, but to pay to the real estate company for Sheehy. Also, appellant's claim that the money was "in escrow" was a denial that it had been loaned to him.

Instruction No. 1 defined "embezzlement" as "the fraudulent appropriation or conversion of another's property by a person to whom it has been entrusted, or into whose hands it has lawfully come." Appellant says the court erred in giving this instruction "in this, that the court did not properly and sufficiently define embezzlement in that the definition as set out in said instruction is not complete and accurate and does not sufficiently and accurately advise the jury." If the definition is general, the assignment is more so and we think too general to preserve anything for review. [State v. Kelly (Mo.), 107 S. W. (2d) 19; State v. Frazier, 339 Mo. 966, 98 S. W. (2d) 707; State v. Sagerser (Mo.), 84 S. W. (2d) 918; State v. Tharp, 334 Mo. 46, 64 S. W. (2d) 249.]

Appellant complains of the action of the trial court in sustaining an objection and motion to strike made by the State's attorney to a portion of the argument of appellant's attorney. The court made an explanation of his ruling at the time which indicated he believed the argument was outside the evidence. Appellant in his brief does not now seem to especially contend that the argument was sustained by the evidence, but bases his objection on the broader ground that a trial court is powerless to control the argument further than to admonish the jury to "disregard any statement or argument of counsel contrary to the evidence." We know of no case so holding and we are unwilling to be the first to establish such a precedent. Certainly, courts should be careful to refrain from unduly restricting the argument of counsel, but orderly procedure requires that they have power to reasonably confine such argument to the issues raised by the pleadings and evidence.

■ Appellant complains of instruction No. 7, submitted with the other instructions, telling the jury that if they found defendant guilty it was their duty to assess the punishment; however, if they were unable to agree on the punishment the court would assess it.

It is proper to give such an instruction when a jury so requests, but it is unusual to so instruct until the jury has had an opportunity to assess the punishment and we do not recommend such practice. However, in these cases the jury did assess the punishment and we cannot see that appellant was prejudiced by the instruction. [See State v. Polson, 317 Mo. 293, 295 S. W. 743.]

■ On January 7, 1946, appellant was convicted in case No. 40091 of embezzling $5,000.00 on or about March 14, 1944. On February 27, 1946, he was convicted in case No. 40090 of embezzling $3,000.00. He has properly raised and preserved the point that his conviction in the first trial should have prevented prosecution on the second. This on the theory that the entire transaction or series of transactions constituted but one offense. He says the precise question has never been determined in this state. However, he cites several cases, but seems to place his sole reliance on the reasoning in State v. Toombs, 326 Mo. 981, 34 S. W. (2d) 61.

In the Toombs case three certificates of corporate stock, separately numbered, were signed and issued in one transaction and at one time, and the procurement by defendant of their signing and issuance was by one direction and with a single intent. We held that a conviction for the issuance of one certificate was a bar to prosecution for the issuance of others. In the instant cases the proof shows that appellant received a check for $5,000.00 on March 14, 1944, and cashed it on March 17; then early in April he received another check from Sheehy for $3,000.00 and cashed it on April 17. There is and can be no claim that the $3,000.00 was a part of the $5,000.00. On January 9, 1946, he was convicted for embezzling the $5,000.00. [Case 40091] The indictment in that case charged appellant with receiving the money on March 14, and the instructions authorized the jury to convict him if they found he embezzled the money, or $30.00 or more of it, "on said 14th day of March, 1944, or at any time during said month of March, 1944." On February 27, 1946, appellant was convicted of embezzling the $3,000.00. [Case 40090] The indictment charged appellant with receiving the money on or about the 6th day of April, 1944. The instructions in the first case [No. 40091] restricted the jury to a finding of embezzlement between March 14 and April 1, and that case could not bar prosecution for embezzling other money not received by appellant until April 6. In that view we are sustained by State v. Ross, 312 Mo. 510, 279 S. W. 411, and State v. Matkins (Mo.), 37 S. W. (2d) 422.

We find no error and the judgment and sentence in each case must be and is hereby affirmed. All concur.