STATE OF MISSOURI, Appellant, v. JOSEPH SELL, Respondent.

St. Louis Court of Appeals, February 12, 1895.

1. **Criminal Law:** CONVICTION OF DEFENDANT IN JUSTICE'S COURT WITHOUT ARRAIGNMENT OR PLEA. The judgment of a justice of the peace convicting a defendant of a misdemeanor is void, if the record fails to show an arraignment or plea.

2. ———: ———: RETRIAL ON APPEAL. But, on an appeal from such judgment by the defendant, he may be retried in the circuit court, since an appeal may be taken from a void judgment.

*Appeal from the Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

No brief filed for either appellant or respondent.

BIGGS, J.—In this case we have to deal with a very imperfect record. It appears from the judgment of the circuit court that this proceeding originated before a justice of the peace, where the defendant was charged

with a misdemeanor. He was convicted before the justice, and on appeal the circuit court affirmed the judgment. Subsequently the defendant moved in arrest, upon the ground that the transcript of the justice failed to show an arraignment or plea. The circuit court not only sustained the motion and set aside the judgment of affirmance, but also by its judgment discharged the defendant. From that judgment the state has appealed.

It is perfectly clear that the motion in arrest of judgment was properly sustained (*State v. West*, 84 Mo. 440; R. S. 1889, sec. 4347), for the reason that the judgment before the justice was void. But we can not conceive why the defendant should have been discharged. We decided, in the case of *State v. Geiger*, 45 Mo. App. 111, that, where the transcript of the justice failed to show that the defendant was arraigned and his plea entered, there could be no *affirmance* of the judgment until the omission (if it were merely a clerical omission) was rectified by a rule on the justice. This ruling is based on the principle that a void judgment can not be affirmed. This, in reason, must be true. But we held, further, in the *Geiger case*, that there was nothing to prevent the circuit court from trying the case on its merits, notwithstanding the failure of the justice to have the defendant arraigned. This is upon the theory that there may be an appeal from a void judgment, (*State v. Gowing*, 27 Mo. App. 389), and the circuit court, being thus possessed of the cause, may proceed to try it on its merits.

The judgment of the circuit court must be reversed and the cause remanded. All concur.