596

STATE of Missouri, Plaintiff-Respondent,

v.

Charles Frank COOK, Defendant-Appellant.

No. 7758.

Springfield Court of Appeals.

Missouri.

April 2, 1959.

———◆———

Ralph M. Crow, Rolla, for defendant-appellant.

Jay V. White, Rolla, for plaintiff-respondent.

RUARK, Judge.

 Defendant was convicted of reckless driving under the "old" section 304.010

RSMo 1949, V.A.M.S. Neither the state nor the appellant has filed brief. In this situation we first examine the formal record. Supreme Court Rule 28.02, 42 V.A.M.S.; State v. Bearden, Mo., 245 S.W.2d 838; State v. Daegele, Mo., 302 S.W.2d 20; State v. Kaufman, Mo.App., 308 S.W.2d 333; State v. Amsden, Mo., 299 S.W.2d 498.

We are immediately stopped by the information. It charges that "on or about the 9th day of November, 1956, the defendant, Charles Frank Cook, then and there being, did then and there wilfully, unlawfully, and imprudently operate a certain motor vehicle, to-wit: a 1951 Cadillac Sedan along a public highway, to-wit: U. S. Highway 66 so as to endanger the lives of other persons upon said highway and the property of such persons in that the said defendant Charles Frank Cook, did fail to operate said vehicle in a prudent manner in that he did drive at a high and excessive rate of speed under the conditions then and there existing, to-wit: 90 miles per hour * * *."

Less than a year ago the St. Louis Court of Appeals in State v. McCloud, Mo.App., 313 S.W.2d 177, took occasion to hold that an information under this (old) section 304.010, which specified a rate of speed but did not charge that the driver continued at a rate in excess of 25 miles per hour for a distance of one-half mile, *and* which failed to allege any conditions (such, for instance, as intersections, curves, traffic on the road, etc.), did not charge an offense under the law. The rule announced in that case fits this one and since the ink on the McCloud opinion is barely dry we see no need to compound or confuse by attempting further exploration of the subject.

The judgment of conviction is reversed.

STONE, P. J., and McDOWELL, J., concur.