**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Joe Peter McNAIL, Defendant-Appellant.**

No. 8310.

Springfield Court of Appeals.
Missouri.

March 5, 1965.

Rehearing Denied March 27, 1965.

Application to Transfer Denied
May 10, 1965.

Robert B. Baker, Ellington, for defendant-appellant.

William H. Bruce, Jr., Prosecuting Atty., Centerville, for plaintiff-respondent.

HOGAN, Judge.

The defendant was convicted of the offense of careless and reckless driving, as defined by Section 304.010, pars. 1 and 5,[1] and his punishment has been assessed at a fine of $15.00. He appeals. Neither the defendant nor the State has filed a brief, and it is therefore our duty to review the cause upon the assignments of error properly preserved in the motion for new trial and to

---

1. All references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R., except where otherwise noted.

examine the essential portions of the record listed in Rule 28.08. Rules 27.20, 28.02 and 28.08; State v. Brewer, Mo., 338 S.W.2d 863, 865–866 [1]; State v. Belleville, Mo. App., 362 S.W.2d 77, 78 [1].

On July 14, 1962, at 11:30 P.M., the defendant was observed driving west on Highway 21 in Reynolds County, Missouri, in a 1961 Ford pickup truck with a defective taillight. Trooper L. L. Meyer, a member of the State Highway Patrol, started to follow the truck and "noticed it was weaving back and forth across the highway." After following the defendant's vehicle for a little more than one-half mile, Trooper Meyer "put on the red light," attempting to stop the defendant. Two passengers riding in the bed of the truck beat on the cab of the pickup in order to signal the defendant, and, after traveling some 200 yards further west, the defendant finally stopped. Upon interrogating the defendant, the trooper "smelled the odor of alcohol about his person and further * * his speech was impaired and his eyes were glassy and bloodshot and his ability to walk was also impaired." The defendant was given a Uniform Traffic Ticket and was incarcerated. He was later "bonded out" and returned to his home.

On September 22, 1962, without the issuance of further process, the defendant appeared in the Magistrate Court of Reynolds County and entered a plea of not guilty. He submitted the cause to the court sitting without a jury and without, incidentally, offering any evidence in his own behalf. The Magistrate found the defendant guilty and assessed his punishment at a fine of $50.00. The defendant then appealed to the Circuit Court, and upon his application the venue was changed to the Circuit Court of Wayne County. Upon trial there on April 9, 1963, the jury was unable to agree, and a mistrial was declared. Subsequently, the cause was again submitted and this judgment of conviction resulted.

Viewing the evidence in a light most favorable to the result reached, State v. Selle, Mo., 367 S.W.2d 522, 527–528 [12–16], it was shown on trial (in addition to the facts already recited) that, when arrested, the defendant was approaching the town of Lesterville, and that the highway in question was a two-lane bituminous highway running east and west. The usable width of the highway was not specifically shown, but Trooper Meyer testified that the north or westbound lane, in which the defendant was traveling, was unobstructed. There was no other traffic on the road, and the defendant was traveling at a relatively slow speed. The center or median line was obliterated in spots because a new mat had recently been laid, but the State's evidence was that the median line was clearly visible except for "small patches." As the defendant approached Lesterville, he drove over a "blind hill" on the left side of the roadway at a place where his view of oncoming traffic was immediately obstructed, and Trooper Meyer estimated that in the .8 mile he followed the defendant, he observed the defendant's vehicle cross the center line to the south four or five times. As we have noted, when he was stopped the defendant presented the odor and appearance of one who had consumed alcoholic intoxicants, and he stated that he had drunk a "couple of beers." To a considerable extent, Trooper Meyer's testimony was corroborated by that of a Mr. Kenneth Pate, a conservation agent who had accompanied Trooper Meyer in his pursuant and arrest of the defendant.

The defendant vigorously denied that he had been weaving back and forth across the road, and stated that "there was no white line there." Mr. McNail's testimony was that, on the evening in question, he had visited his mother and had then gone to a tavern near Lesterville to discuss business with a Mr. Buck Jamison. He had remained at the tavern some two to two and one-half hours, visiting friends, and had consumed only two bottles of beer. The defendant believed that this prosecution was the result of a grudge borne by one of the peace officers who had

participated in his arrest but who did not testify at the trial. He produced a number of witnesses who testified to his good character.

 The defendant makes a number of assignments of error directed to the sufficiency of the informations filed. He complains that the Uniform Traffic Ticket was not verified and, in effect, asserts that since the Uniform Traffic Ticket charged no offense—and we have serious doubt that it did—no subsequent amendment to the information could validate that lack of formal charge. The difficulty with this argument lies in the assumption that the proceeding in Circuit Court was merely a continuation of the proceeding in Magistrate Court. Though for some purposes this may be true in a sense, still we think the validity of the conviction in Magistrate Court is not in issue here. Upon appeal to the Circuit Court in a misdemeanor prosecution, the cause is heard de novo, and irregularities in the Magistrate Court are immaterial. Rule 22.16; State v. Smith, Mo.App., 264 S.W. 52, 53, aff'd 306 Mo. 451, 267 S.W. 869; State v. Sell, 61 Mo.App. 160, 161; State v. Gowing, 27 Mo.App. 389, 391; Kelley's Crim.Law. & Proc., Section 1212, page 1147 (4th ed., 1928). Since there was actually a trial de novo in this case, upon a new complaint and information filed, we consider that the sufficiency of the accusation made in Magistrate Court is of no consequence, if the information upon which the defendant was actually tried is itself sufficient to charge a crime.

The accusative part of the information filed by the State after the cause had been appealed and transferred upon change of venue, is that the defendant "did then and there * * * drive and operate a motor vehicle [describing it] over and upon Highway No. 21, a public highway * * * in a careless and reckless manner, and in a manner so as to endanger the life and limb of other persons in that he failed to keep said motor vehicle as close to the right hand side of the road as practicable.

* * *" The defendant maintains this information charged no offense whatever and was not subject to amendment.

 Informations comparable to this one have been the subject of critical discussion. State v. Cook, Mo.App., 322 S.W.2d 596 [2]; State v. McCloud, Mo. App., 313 S.W.2d 177, 181–182 [5]; State v. Reynolds, Mo.App., 274 S.W.2d 514, 516 [4]. This criticism is based upon the general rule of criminal pleading that an information charging a statutory crime may be couched in the language of the statute, if the statute itself sets forth the constituent elements of the offense; but if the statute merely defines the crime in generic terms, then the constituent facts must be pleaded in enough detail to advise the defendant specifically what he must defend against. State v. Fenner, Mo., 358 S.W.2d 867, 869–870 [4, 5]; State v. Tevis, Mo. App., 340 S.W.2d 415, 419 [3, 4]; Anno., 115 A.L.R. 357 (1938). The offense of careless and imprudent driving is only very broadly defined by Section 304.010, par. 1, and an information charging that offense by reciting the bare language of the statute in negative form is generally held to be insufficient. State v. Tevis, supra, 340 S.W.2d at 419 [3, 4]. We have the view, however, that the rule requiring pleading of the constituent circumstances in the information, where the statute denounces the offense only in generic terms, may easily be overstated when dealing with traffic offenses. The same strictness of pleading is not required in informations charging misdemeanors as in those charging felonies, State v. Lasswell, Mo.App., 311 S.W.2d 356, 357–358 [2]; the terms used in Section 304.010, par. 1, are "neither technical nor mysterious," State v. Florian, 355 Mo. 1169, 1174–1175, 200 S.W.2d 64, 66–67 [1–3], and even a criminal pleading need not set forth the evidence by which the accusation will be supported. State v. Becker, 248 Mo. 555, 562, 154 S.W. 769, 771 [5]. The information first filed in the Circuit Court might easily have been more clearly and specifically drafted, but it does charge the defend-

ant with having driven a specific automobile at a specific time and place in a careless and reckless manner by failing to drive to the right. The information does not merely allege the offense by reciting the bare words of the statute, but adds that the offense was committed by failing to keep on the proper side of the road or in the proper place. If the defendant had filed a motion for a bill of particulars, as permitted by Rule 24.03, it doubtless would have been proper to direct the filing of such a bill, but we consider the information sufficient as against a motion to dismiss. State v. Ball, Mo.App., 171 S.W.2d 787, 792 [12] [13]; Ray v. State, 47 Ga.App. 22, 169 S.E. 538; Anno., supra, 115 A.L.R. at 361; cf. Hoover v. Denton, Mo., 335 S.W.2d 46, 48–49 [4, 5].

■ The defendant next maintains that the State was improperly allowed to amend this original information after venue of the cause had been changed to Wayne County, because the offense alleged occurred in Reynolds County, and after change of venue the information was not subject to amendment. This contention has no merit. The fact that the crime charged was committed in Reynolds County did not deprive the State of its right to amend the information after the change of venue had been awarded, and the prosecuting attorney was properly allowed to make the amendment when he did. State v. Myers, 330 Mo. 84, 89, 49 S.W.2d 36, 37–38 [2]; State v. Dixon, Mo., 253 S.W. 746, 747 [2] [3].

■ The defendant also says that in amending the information filed in the Circuit Court the State charged a new and different offense, contrary to the provisions of Rule 24.02. After amendment, the information charged the defendant with careless and reckless driving " * * * in that he failed to operate said motor vehicle upon the right half of the roadway of said highway No. 21, but instead drove said motor vehicle upon and to the left of the center of the usable portion of said highway. * * *" Here, we think, the defendant mistakes the nature of the offense charged.

The offense of careless and reckless driving, or reckless driving, or careless and imprudent driving, as it is variously called, is a separate offense made punishable as a misdemeanor. Section 304.010, pars. 1 and 5. Section 304.015, par. 2, with certain exceptions not material here, requires that vehicles be driven upon the right half of the roadway, if the public road or highway is of sufficient width, and a penalty for the violation of that requirement is provided by Section 304.026. Section 304.016, par. 4, subpar. (1), also prohibits driving to the left when the driver is approaching the crest of a grade where his view is obstructed within such distance as to create a hazard in the event another vehicle might approach, and violation of that requirement, or rule of the road, is also penalized by Section 304.026. The defendant contends that while the first information charged a violation of Section 304.010, par. 1, the second specifically charged a violation of Section 304.015, par. 2, or Section 304.016, par. 4, subpar. (1). We cannot agree that such is a reasonable construction of the amended information. It has often been said that violation of a specific rule of the road does not in itself constitute reckless driving, even though such violation may be separately denounced as a specific offense. However, it is also true that an infraction of some rule of the road, taken with the other circumstances of the case, may constitute reckless driving as well. State v. Tevis, supra, 340 S.W.2d at 419–420 [6]; Anno., 52 A.L.R.2d 1337, 1341, Section 2 [b]. What the pleader rather inartfully charged here was that the defendant drove recklessly and carelessly, specifically by driving on the wrong side of the road. This amendment doubtless represented an attempt to charge the defendant more precisely with the same crime as was charged in the first information, and in our opinion there was no departure from the first accusation. This assignment is ruled against the defendant.

■ The defendant's assignment that "the Court erred in failing to give defendant's instructions No. 1 & 2," without speci-

fying why it was error to do so, is not specific enough to meet the requirements of Rule 27.20 (a), and preserves nothing for review. State v. Malone, Mo., 301 S.W.2d 750, 759–760 [30]. Our independent review of this matter discloses no prejudicial error to the defendant, however, in refusing these instructions.

Finally, the defendant argues that his motion for judgment of acquittal made at the close of all the evidence should have been sustained, because (a) the State's evidence indicated that the road in question was divided by an interrupted median line, and the charge was applicable only to a road without a dividing center line, and therefore "the State's own evidence thus disprov[ed] its theory of the case and [made] it immaterial whether defendant was actually on the right half of the roadway or not," and (b) there was no evidence indicating that the defendant put any specific person in actual danger, though the information charged the defendant with having endangered the life and limb of other persons.

■ The first part of this assignment need not detain us long. Upon this appeal, we do not primarily interpret the evidence nor resolve conflicting inferences. While we do not believe the defendant's point is well taken, insofar as it suggests that a motorist's duty to drive to the right is meant to be conditioned upon the existence of a median stripe, still if we accept that suggestion, the State's evidence was that the median line was clearly visible, "except for small patches." We must construe the evidence most strongly in favor of the result reached, State v. Selle, supra, 367 S.W.2d at 527–528 [12–16], and if we do so, it is clear that the evidence is such to show the existence of an interrupted median line.

■ As to the defendant's contention that no specific person was placed in actual danger and therefore the conviction cannot be upheld, we believe the defendant misconstrues the statute. It is true, apparently, that a number of jurisdictions have enacted statutes which specifically define reckless driving as the operation of a motor vehicle so as to endanger the life, limb or property of another, or "another lawfully using the highway." 7 Am.Jur.2d, Automobiles and Highway Traffic, Sections 266, 273, pages 818–819, 822. It would seem to us, however, that Section 304.010, par. 1, prohibits both driving in a careless and imprudent manner and driving at a rate of *speed* which endangers the property of another, or the life and limb of any person. Our statute does not in terms require a showing that any specific person be put in actual danger; rather, it has been said that the primary object of Section 304.010, par. 1, is to *prevent* danger and injuries on the highways. State v. Ball, supra, 171 S.W.2d at 793. We consider the allegation that the defendant drove "in a manner so as to endanger the life and limb of other persons" to be but an alternative allegation that he drove in a negligent manner. State v. Tamanaha, 46 Haw. 245, 377 P.2d 688, 691–692 [2], reh. den. 379 P.2d 592. We consider it unnecessary for the State to prove that the life, limb or property of any specific person was actually put in danger in order to sustain a conviction of careless and reckless driving. Commonwealth v. Horsfall, 213 Mass. 232, 100 N.E. 362, 363 [1]; 7 Am.Jur.2d, Automobiles and Highway Traffic, Section 266, pages 818–819; 3 Wharton, Criminal Law and Procedure, Section 1002, pages 179–180 (1957); cf., Restatement, Torts, Section 500, comment d, page 1295. We think the evidence cannot be held insufficient upon either of the two grounds assigned by the defendant.

We find no reversible error apparent upon the record and the judgment is affirmed.

RUARK, P. J., and STONE, J., concur.