**STATE of Missouri, Respondent,**

**v.**

**Don Eugene CIPOLLA, Appellant.**

**No. 24968.**

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1969.

Robert G. Duncan, of Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Don Witt, Pros. Atty., Platte City, for respondent.

HOWARD, Presiding Judge.

This is an appeal from a misdemeanor conviction for careless and imprudent driving of a motor vehicle on the public highways in Platte County, Missouri. A jury was waived and trial to the court resulted in conviction. The punishment was assessed at a fine of $500.00 and 30 days in the county jail. This is a companion case to Case No. 24969, wherein an opinion is handed down contemporaneously herewith. We shall refer to the appellant as the defendant.

The facts in this case are simple. The defendant did not offer any evidence. On April 26, 1967, a member of the Missouri Highway Patrol was cruising south on Interstate Highway 29 in Platte County, Missouri, when he observed the defendant driving a Thunderbird automobile traveling north on I-29. The patrolman crossed the median strip and caught up with defendant. He paced the defendant, i. e. he traveled along behind the defendant at the same speed, for about two miles at a speed of approximately 120 miles an hour. He then stopped the defendant who was charged with careless and imprudent driving and, in the companion case, with driving while this driver's license was revoked.

The sole question on this appeal is the sufficiency of the information. The information reads as follows:

"Don Witt, Prosecuting Attorney duly elected, commissioned, sworn, qualified, installed and acting as such in and for said County of Platte, in the State of Missouri, upon his said oath, and upon his hereto appended oath, informs the court and upon his said oath and upon his hereto appended oath depose, present, aver and charge that said de-

fendant, Don Eugene Cipolla on the 26th day of April A.D.1967, at the said County of Platte did then and there unlawfully in, along and upon the public highways of the State of Missouri a certain motor vehicle drive, operate and propel, in a careless and imprudent manner, and did then and there unlawfully in, along and upon the public highways of the State of Missouri a certain motor vehicle drive, operate and propel at an excessive rate of speed under the conditions and circumstances then and there existing, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

 Defendant argues that this information attempts to charge two separate offenses; one being the careless and imprudent driving and the other being driving at an excessive rate of speed. We do not so interpret the information. The information actually charges careless and imprudent driving by reason of excessive speed under the conditions and circumstances then existing. It is proper to charge careless and imprudent driving by reason of certain facts which may, in and of themselves, be violations of rules of the road and which facts might be the subject of a separate charge. See State v. Ball, Mo.App., 171 S.W.2d 787; State v. Tevis, Mo.App., 340 S.W.2d 415; State v. McNail, Mo.App., 389 S.W.2d 214; and State v. Reynolds, Mo.App., 274 S.W.2d 514. The present charge of careless and imprudent driving by reason of excessive speed rests on the same principles. Excessive speed is not technically a violation of the rules of the road but it may be such as to constitute careless and imprudent driving, and, according to the circumstances, may also be a violation of the statutorily imposed speed limit. Logically and by analogy, we believe that the charge in the case at bar is authorized by the cases just cited.

Defendant's main contention on this appeal is that the information is insufficient because the allegations contained therein are mere conclusions and they do not constitute a "plain, concise and definite written statement of the essential facts constituting the offense charged" as required by Criminal Rule 24.01 and Rule 37.18, V.A.M.R. for municipal and traffic courts. Defendant bases this contention primarily on the case of State v. McCloud, Mo.App., 313 S.W.2d 177. As that case relates to a charge of careless and imprudent driving by means of speed, it must be kept in mind that the statute under which the charge was brought was different than present Section 304.010, RSMo 1959, V.A.M.S. (as amended Laws 1965, page 594, Section 1; Laws 1965, page 95, Section 2). The statute applicable at the time of State v. McCloud did not contain any speed limits and provided that a rate of speed in excess of 25 miles an hour for a distance of one-half of a mile should be presumptive evidence of driving at a rate of speed which is not careful and prudent. The court in the McCloud case pointed out that the information was not sufficient to charge a violation of this provision.

In State v. McNail, Mo.App., 389 S.W.2d 214, the Springfield Court of Appeals was considering a charge of careless and imprudent driving in that the defendant "failed to keep said motor vehicle as close to the right hand side of the road as practicable." While this charged careless and imprudent driving by reason of a violation of one of the rules of the road rather than excessive speed, we believe what the court there said is fully applicable in the present case. The court said:

"Informations comparable to this one have been the subject of critical discussion. State v. Cook, Mo.App., 322 S.W.2d 596 [2]; State v. McCloud, Mo.App., 313 S.W.2d 177, 181–182 [5]; State v. Reynolds, Mo.App., 274 S.W.2d 514, 516 [4]. This criticism is based upon the general rule of criminal pleading that an information charging a statutory crime may be couched in the language of the statute, if the statute itself sets

forth the constituent elements of the offense; but if the statute merely defines the crime in generic terms, then the constituent facts must be pleaded in enough detail to advise the defendant specifically what he must defend against. State v. Fenner, Mo., 358 S.W.2d 867, 869–870 [4, 5]; State v. Tevis, Mo.App., 340 S. W.2d 415, 419 [3, 4]; Anno., 115 A.L.R. 357 (1938). The offense of careless and imprudent driving is only very broadly defined by Section 304.010, par. 1, and an information charging that offense by reciting the bare language of the statute in negative form is generally held to be insufficient. State v. Tevis, supra, 340 S.W.2d at 419 [3, 4]. We have the view, however, that the rule requiring pleading of the constituent circumstances in the information, where the statute denounces the offense only in generic terms, may easily be overstated when dealing with traffic offenses. The same strictness of pleading is not required in informations charging misdemeanors as in those charging felonies, State v. Lasswell, Mo. App., 311 S.W.2d 356, 357–358 [2]; the terms used in Section 304.010, par. 1, are 'neither technical nor mysterious,' State v. Florian, 355 Mo. 1169, 1174–1175, 200 S.W.2d 64, 66–67 [1–3], and even a criminal pleading need not set forth the evidence by which the accusation will be supported. State v. Becker, 248 Mo. 555, 562, 154 S.W. 769, 771 [5]. The information first filed in the Circuit Court might easily have been more clearly and specifically drafted, but it does charge the defendant with having driven a specific automobile at a specific time and place in a careless and reckless manner by failing to drive to the right. The information does not merely allege the offense by reciting the bare words of the statute, but adds that the offense was committed by failing to keep on the proper side of the road or in the proper place. If the defendant had filed a motion for a bill of particulars, as permitted by Rule 24.03, it doubtless would have been proper to direct the filing of such a bill, but we consider the information sufficient as against a motion to dismiss. State v. Ball, Mo.App., 171 S.W.2d 787, 792 [12] [13]; Ray v. State, 47 Ga.App. 22, 169 S.E. 538; Anno., supra, 115 A.L.R. at 361; cf. Hoover v. Denton, Mo., 335 S.W.2d 46, 48–49 [4, 5]."

In the case at bar defendant did not see fit to ask for a bill of particulars although this remedy was specifically pointed out by the prosecuting attorney when defendant's counsel argued his motion to dismiss, prior to trial. If defendant had requested a bill of particulars, such would undoubtedly have been granted and would have revealed, as does the evidence, that the State contended the defendant operated a motor vehicle at the speed of approximately 120 miles an hour for a distance of approximately two miles on Interstate Highway 29 in Platte County, Missouri. Such outlandish speed would obviously be sufficient to sustain a charge of careless and imprudent driving.

■ Defendant makes the point that a violation of the speed limit, in and of itself, does not necessarily constitute careless and imprudent driving. This may be so in some circumstances, but a speed of 120 miles per hour, which is 50 miles per hour in excess of the highest legal speed permitted anywhere in Missouri, does, in and of itself, show careless and imprudent driving.

■■ On the basis of the foregoing, we conclude that the information in the case at bar, while not being a model to be recommended or followed, is sufficient to charge the commission of a misdemeanor and that if defendant actually needed additional information as to the charge against him, he would have requested a bill of particulars. His entitlement to such a bill of particulars adequately protects his rights.

The judgment is affirmed.

All concur.