**CITY OF INDEPENDENCE, Missouri,**
**Respondent,**

v.

**Wayne Wesley BETH, Appellant.**

**No. 25391.**

Kansas City Court of Appeals, Missouri.

Oct. 5, 1970.

Graham, Paden, Welch & Martin, Michael S. J. Albano, Independence, for appellant.

James S. Cottingham, City Counselor, Charles E. Sandage, Asst. City Counselor, Independence, for respondent.

CROSS, Judge.

Upon trial in municipal court defendant Wayne Wesley Beth was adjudged guilty of operating a motor vehicle in a careless and heedless manner by improperly overtaking another vehicle and "ramming" it in the rear end, in violation of an ordinance of the City of Independence, Missouri. Defendant appealed to the circuit court, where he was tried de novo and again suffered conviction. His penalty was assessed at $25.00 and costs. Now addressing appeal to this court, defendant contends that the information filed in the cause is insufficient to sustain the judgment of conviction. His sole complaint of the pleading is that it fails to allege, as an essential element of the offense sought to be charged, that it took place upon a *public* street.

The principal facts in the case are here stated. On the night of February 8, 1969, defendant Beth drove the front end of his automobile into the rear end of an automobile being driven by one Everette Horn. Both vehicles were then traveling eastward upon and along U. S. Highway No. 24, at or close to its intersection with Emery Street, within the City of Independence, Missouri. At the point of collision Highway No. 24 is a four lane thoroughfare with two eastbound and two westbound lanes of travel and the speed limit is thirty-five miles per hour. Horn's automobile was proceeding in the outside, or south, lane, at a speed of twenty-five to thirty miles per hour. Defendant, following the Horn vehicle, was traveling in the inner eastbound lane, at a faster rate of speed, which he stated was approximately thirty-five miles per hour. Defendant claimed that as he was about to pass the Horn car, a westbound vehicle veered into his lane, causing him to hit the

Horn car in the rear. The impact caused Mr. Horn's car to "slide" a hundred feet to rest at a point about ninety-two feet east of the Emery Street intersection and twelve feet south of the south curb of 24 Highway. The defendant's car caromed to the left or northward across the entire highway and landed in a ditch on the north side of the pavement up against some rocks. Dennis Gile, a police officer for the city, testified that he investigated the accident in question "at 24 Highway and Emery within the city limits of Independence". He gave additional testimony convincingly indicating that the collision occurred on the traveled portion of U. S. Highway 24, either within or a short distance east of its intersection with Emery Street.

The information upon which defendant was tried is in the form of and designated as a "Missouri Uniform Traffic Ticket". It is essentially as prescribed by Supreme Court Rule 37.1162. The ticket was issued and signed as a complaint by officer Gile and signed as an information by an assistant city counselor on behalf of the City of Independence. The relevant portions of the ticket as it was marked and supplemented by the issuing officer charge that defendant "on or about 2–8–69, at or near (location) U. S. 24 Highway—Emery * * * in the City of Independence * * * did unlawfully operate * * * (a described Pontiac automobile) * * * and then and there did commit the * * * offense * * * careless and heedless driving * * * by improper overtaking of vehicle and ramming in rear end * * * in violation of Charter Ordinance No. 427, Art. No. 10, Sec. No. 18.62." Additionally the printed ticket contains blank spaces for use to show "Conditions which increased seriousness of the violation." Spaces bearing check marks indicated that there was "other traffic present" both "oncoming" and in the "same direction", and that the "Road Type" was "4-Lane".

Pertinent provisions of Charter Ordinance 427 of the City Code of Independence are here quoted. Article 10, Section 18.62,

referred to in the information, provides: "Any person who drives any vehicle or railroad train upon a street carelessly and heedlessly, in disregard of the rights and safety of others, or without due caution and circumspection, or at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of careless driving." Article 10, Section 18.1 (59) defines "street" as: "Every way set apart for public travel, except footpaths and alleys."

In his single appeal point defendant charges that the trial court erred in refusing a dismissal because the city had failed "to plead or prove the public nature of U. S. Highway #24 and Emery within its information." He makes no claim that *the evidence* was insufficient to establish the "public nature" of the named intersection. Citing and relying upon City of Raytown v. Roach, Mo.App., 360 S.W.2d 741; Kansas City v. Franklin, Mo.App., 401 S.W.2d 949 and State v. Bartlett, Mo.App., 394 S.W.2d 434, defendant argues that the city failed in its duty to apprise him of the exact charge he was to defend against by filing an information containing a plain, concise and definite written statement of "the essential facts constituting the offense of careless and heedless driving" as required by Rule 37.18 of the Missouri Rules of Practice and Procedure in Municipal and Traffic Court, in that "There is no allegation in the information that the violation committed by appellant took place upon a public street", as contemplated by the ordinance under which the prosecution was undertaken. Thus he asserts the lack of an essential element in the information. He makes no other complaint of insufficiency against it.

We reaffirm the requirements of a valid complaint or information in a prosecution for ordinance violation as we declared them to be in City of Raytown v. Roach and Kansas City v. Franklin, supra, and as they have been restated in subsequent cases. We agree that the failure of such a pleading to allege an essential element of the offense is a fatal vice. However, we do not conjoin with defendant in his asserted view that the information in the case failed to inform him of "the public nature of U. S. Highway #24 and Emery", and apprise him that the offense charged against him occurred on a public street of the city.

■ In determining the sufficiency of an information, we read it from all four corners, and consider it as an entirety, because "The *whole indictment* (information) must be looked to in order to ascertain whether it lacks certainty." 42 C.J.S. Indictments and Informations § 100, p. 983. We believe this principle is particularly applicable to an information prepared under special rules the Supreme Court has seen fit to adopt as applicable to traffic cases. Rule 37.46 V.A.M.R. directs that "In Traffic Cases, the complaint or information and summons shall be in the form, known as the 'Uniform Traffic Ticket' substantially the same as set out in Rule 37.1162 * * *" and prescribes in detail the manner of its use. Rule 37.46 further requires that "The complaint or information form shall be used in Traffic Cases, whether the complaint is made by a peace officer or by any other person or the information is made by the prosecutor." Rule 37.1162 sets out the form of the "Uniform Traffic Ticket" in meticulous detail. As a device for use in charging the commission of a traffic violation, it is clearly seen to be a radical departure from the conventional narrative form of complaint or information, in that it consists of printed wording (obviously approved by the Supreme Court) and blank places or boxes to be filled in or "checked" by an officer. While it is our view that the uniform traffic ticket must be utilized and processed in such manner as to describe with reasonable certainty the offense it purports to charge, we do not believe that courts should be hypertechnical in assaying its sufficiency as a complaint or information. Furthermore, as recently held by the Supreme Court en banc in Kansas City v. Stricklin, 428 S.W.2d 721, "Since a proceeding for violation of a city ordinance is in the na-

ture of a civil action, the same strictness in stating an offense is not required as in a criminal prosecution." And, as held by the same authority, "all that was required was the degree of certainty necessary to inform the defendant of what he is called upon to answer, and not the particularity necessary to constitute a sufficient indictment." It is to be further noted, as recognized by this court in State v. Cipolla, Mo.App., 437 S.W.2d 162, that "Even a criminal pleading need not set forth the evidence by which the accusation will be supported. State v. Becker, 248 Mo. 555, 562, 154 S.W. 769, 771."

■ On examination of the traffic ticket in this case we observe that in designating the *place* where defendant allegedly committed the charged offense, the issuing officer used a blank space provided therein for that purpose containing the printed words "AT OR NEAR (LOCATION)" exactly as specified by the Supreme Court in Rule 37.1142. Immediately following that legend there appears in the officer's handwriting the wording "U. S. 24 Highway-Emery", in turn followed by the printed words "IN THE CITY OF INDEPENDENCE, COUNTY AND STATE AFORESAID". To supplement that designation the ticket indicates by check marks in appropriate spaces that the violation charged occurred on a "4-Lane" road then and there bearing "Other Traffic" from both directions. The only reasonable conclusion to be drawn from these communicated facts is that the violation occurred on the traveled portion of U. S. Highway 24 (which we judicially note is a publicly traveled thoroughfare, or street, traversing the City of Independence) at or near its intersection with a certain publicly traveled street in Independence designated by the officer as "Emery". Thus we conclude that the information does in fact charge, as an essential element of the offense alleged, that it was committed on a public street. Contrary to suggestion by defendant in argument, the document is not reasonably susceptible to be understood as charging that the offense was committed on private premises adjacent to the intersection named therein. As this court earlier said in State v. Richards, Mo.App., 429 S.W.2d 351: "It is difficult to believe that any reasonably intelligent person could read this information and not be fully informed of the nature of the violation charged."

Defendant relies heavily but futilely upon State of Missouri v. Bartlett, Mo.App., 394 S.W.2d 434. Insofar as that case pertains to the instant appeal question it does no more than delineate the requirements of a valid indictment or information essentially as this court has stated them in previous opinions. The Bartlett information charged that "George Wayne Bartlett operated his 1962 Mercury at a speed in excess of the State limits, to-wit: upwards to 85 miles per hour" as a violation of Section 304.010 V.A.M.S. which required that "Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person." The information contained no allegation whatsoever as to where the alleged offense was committed. Pointing out that one of the essential facts necessary to constitute a violation of Section 304.010 is that the offense must occur upon a *highway,* as distinguished from private property not used as "public roads", the Springfield Court of Appeals held that since the information completely failed to designate the place of the alleged offense it did not clearly apprise the defendant of the offense charged. Thus the Bartlett case is clearly distinguished from the present case where the information effectively informs the defendant that the violation occurred on a publicly traveled highway in the City of Independence.

The judgment is affirmed.

All concur.